THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| William K. Uckerman,<br><br>                Plaintiff,<br>v.<br><br>Martin O'Malley,<br>  Commissioner of Social Security,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO FILE A SURREPLY<br><br>Case No. 2:23-CV-00276-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant, the Commissioner of Social Security, requests leave to file a surreply to Plaintiff's Reply Brief.[1] In support of this request, Defendant notes that in "Plaintiff's Reply Brief, he argued for the first time that the ALJ erred in relying on the vocational expert's testimony at step five."[2] Plaintiff has stipulated to the request, and normally, the court grants stipulated motions made by the parties. Here, however, the court will deny the motion because arguments raised for the first time in a reply brief are deemed abandoned or waived and need not be considered.

The court generally will not address an argument raised by a plaintiff for the first time in a reply brief.[3] This rule is applicable to social security cases[4], which is consistent with other appellate matters, because "[t]he 'trial' has already occurred at the agency level, and the district

---

[1] ECF No. 22.

[2] Motion p. 2.

[3] *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (noting that generally issues raised for the first time in a reply brief are not considered); *United States v. Redcorn*, 528 F.3d 727, 738 n.4 (10th Cir. 2008) (citing *Hanh Ho Tran v. Trustees of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in opening brief are deemed abandoned or waived.") (citations omitted))

[4] *Simmons v. Colvin*, 635 Fed. Appx. 512, 514 n. 2 (10th Cir. 2015) (applying rule in social security case) (citing *Mays v. Colvin*, 739 F.3d 569, 576 n. 3 (10th Cir. 2014)).

court acts as a first-tier appellate court in reviewing these cases."[5] This court is not, therefore, required to consider any issues raised for the first time in Plaintiff's reply brief, including arguments regarding the ALJ's reliance on the vocational expert's testimony at step five. Thus, a surreply addressing these newly raised arguments is unnecessary.

Accordingly, the motion is DENIED.

DATED this 5 February 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[5] *Hamilton v. Sec'y of Health & Hum. Servs. of U.S.*, 961 F.2d 1495, 1501 (10th Cir. 1992).