THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| William K. Uckerman, <br><br> Plaintiff, <br><br> v. <br><br> Martin O'Malley, <br> Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:23-cv-276 DBP <br><br> District Judge <br><br> Chief Magistrate Judge Dustin B. Pead |

Willaim K. Uckerman appeals from the denial of his application for Supplemental Security Income (SSI) benefits under the Social Security Act (Act). As set forth herein, the court affirms the denial.

BACKGROUND

Mr. Uckerman applied for SSI alleging disability beginning January 1, 2018. He was 60 years old on the date of his application. Plaintiff alleges disability arising from schizoaffective disorder, depression, anxiety disorder, and an ankle, back, elbow, hip, knee, hand/wrist, and shoulder problem. Mr. Uckerman's claims were denied initially and on reconsideration before appearing before an Administrative Law Judge (ALJ) for further review. Applying the agency's five-step sequential evaluation process, the ALJ found Mr. Uckernman not disabled within the meaning of the Act and denied his application in September 2022.[1]

---

[1] The Tenth Circuit has described the five-step evaluation process as follows:

> Step one requires the agency to determine whether a claimant is presently engaged in substantial gainful activity. If not, the agency proceeds to consider, at step two, whether a claimant has a medically severe impairment or impairments. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation. If a claimant's impairments are not equivalent to a listed impairment, the ALJ

At step one, the ALJ found Mr. Uckerman had not engaged in substantial gainful activity since his application. At step two, the ALJ found he had multiple severe impairments including degenerative disc disease of the lumbar spine, osteoarthritis of the left wrist, bilaterial knees and ankles, trigger fingers of the left 4th and 5th digits, unspecified neurocognitive disorder, schizoaffective disorder depressive type, anxiety, and borderline intellectual functioning. At the next step, the ALJ determined the impairments either alone or in combination, were not equivalent to a listed impairment.

The ALJ then considered Mr. Uckerman's residual functional capacity (RFC), finding he could "perform medium work as defined in 20 CFR 416.967(c)" with certain additional limitations.[2] At step four, Mr. Uckerman was unable to perform his past relevant work as a construction worker I. At step five, based on the RFC determination, and the testimony of a vocational expert (VE), the ALJ found Mr. Uckerman could perform other work in the national economy and therefore denied benefits.[3] The Appeals Council denied review and Mr. Uckerman now appeals.[4]

---

> must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

*Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations and internal quotation marks omitted).

[2] Tr. 25. Citations to the record before the court are to the bottom of the page. The additional limitations include "he can frequently climb, stoop, kneel, crouch, and crawl' can frequently handle and occasionally finger with dominant left upper extremity; he would be limited to simple, routine, and repetitive tasks, in a work environment free of fast-paced production requirements, involving only simple work-related decisions, and few workplace changes." *Id.*

[3] Other representative occupations the ALJ found Plaintiff could perform include campground attendant, amusement park worker, and PCB coater. Tr. 30.

[4] The parties consented to the jurisdiction of the undersigned with appeal directly to the United States Court of Appeals for the Tenth Circuit. ECF No. 9. *See* DUCivR 72-4.

## LEGAL STANDARDS

Because the Appeals Council denied review, the ALJ's decision is the final agency decision.[5] The court examines the ALJ's decision to determine whether it is free from legal error and supported by substantial evidence.[6] The court, however, may not "reweigh the evidence nor substitute [its] judgment for that of the agency."[7] "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations."[8] This evidentiary requirement is "not high."[9] Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10]

## DISCUSSION

Mr. Uckerman argues the ALJ failed to properly develop the record when it "contained no functional opinions reflective of Plaintiff's entire medical record."[11] In essence, Mr. Uckerman attacks the ALJ's RFC determination arguing the ALJ's conclusion concerning his RFC must be based on medical evidence, which is lacking here. Further, the ALJ failed when he did not re-contact certain examiners in the record for clarified opinions. This includes consultative examiner Richard Ingebretsen, M.D., Ph.D., consultative examiner John Hardy, Ph.D., and treating therapist Erik Enriquez, LCSW.

---

[5] *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

[6] *See Wall*, 561 F.3d at 1052.

[7] *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

[8] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (brackets and internal quotation marks omitted).

[9] *Id.*

[10] *Id.* (internal quotation marks omitted).

[11] Pla. Br. p. 7, ECF No. 15.

At the outset, the court declines to address Plaintiff's arguments raised for the first time in his reply brief. In his reply Mr. Uckerman "'argued for the first time that the ALJ erred in relying on the vocational expert's testimony at step five.'"[12] This included contesting the three medium exertional unskilled positions the ALJ found Mr. Uckerman could perform at Step Five. In a prior order the court denied the parties' motion for the Commissioner to file a surreply to these arguments. In that order the court relied on precedent holding that generally issues raised for the first time in a reply brief are not considered.[13] This rule applies to social security cases[14] as well as other appellate matters, because "[t]he 'trial' has already occurred at the agency level, and the district court acts as a first-tier appellate court in reviewing these cases."[15] Thus, the court finds Plaintiff waived his arguments of error made for the first time in his reply brief.

Turning to the heart of the matter, "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."[16] "The determination of RFC is an administrative assessment, based upon all the evidence of how the claimant's impairments and related symptoms affect her ability to perform work-related activities."[17] "The final responsibility for determining RFC rests with the

---

[12] Memorandum Decision and Order dated February 5, 2024, p. 1 (quoting Defendant's motion p. 2).

[13] Memorandum Decision and Order dated February 5, 2024, ECF No. 23; *see Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (noting that generally issues raised for the first time in a reply brief are not considered); *United States v. Redcorn*, 528 F.3d 727, 738 n.4 (10th Cir. 2008) (citing *Hanh Ho Tran v. Trustees of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in opening brief are deemed abandoned or waived.") (citations omitted)).

[14] *Simmons v. Colvin*, 635 Fed. Appx. 512, 514 n. 2 (10th Cir. 2015) (applying rule in social security case) (citing *Mays v. Colvin*, 739 F.3d 569, 576 n. 3 (10th Cir. 2014)).

[15] *Hamilton v. Sec'y of Health & Hum. Servs. of U.S.*, 961 F.2d 1495, 1501 (10th Cir. 1992).

[16] Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P, 1996 WL 374184, at *1 (S.S.A. July 2, 1996).

[17] *Young v. Barnhart*, 146 F. App'x 952, 955 (10th Cir. 2005).

Commissioner, based upon all the evidence in the record, not only the relevant medical evidence."[18]

Mr. Uckerman argues the ALJ "failed to properly develop the record when it contained no functional opinions reflective of Plaintiff's entire medical record."[19] The Tenth Circuit has rejected the "argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category."[20] Further, there "is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."[21] Rather, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."[22]

Here, the ALJ discussed Mr. Uckerman's testimony and reports to the agency where Plaintiff presented his view of his symptoms and limitations. The ALJ also considered the physical and mental examination findings. For example, the ALJ noted medical records documenting "worsening joint pain", the partial amputations of Mr. Uckerman's 4th and 5th fingers, and largely normal physical exams "despite a diagnosis of osteoarthritis and the abnormalities identified on x-ray imaging."[23] The ALJ also discussed the findings of consultative examiners Dr. Ingebretsen, and Dr. Hardy performed in August 2021, and January 2022. This included finding those examinations consistent with the ability to perform "simple, routine, and repetitive tasks, in a work environment free of fast-paced production requirements" and

---

[18] *Id.*

[19] Pl. Br. p 7.

[20] *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

[21] *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012)

[22] *Howard*, 379 F.3d at 949.

[23] Tr. 27.

involving only "simple work-related decisions."[24] In addition, the ALJ addressed opinions from Drs. Merrill, Barton, Befkowitz, Carlson, and Hardy. The ALJ found some of these opinions to be partly persuasive including evidence "consistent with moderate limitations and a severe mental impairment."[25] After discussing the evidence, the ALJ then explained why he reached his conclusions and the effect of limitations on Mr. Uckerman's RFC.[26]

In short, the ALJ's analysis of the record undermines Mr. Uckerman's argument that the ALJ failed to properly develop the record. As held by the Tenth Circuit, there need not be "specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC."[27] The ALJ adequately developed and discussed the record here thus Plaintiff's argument fails.

In addition, Mr. Uckerman was represented by counsel during the hearing process and counsel answered affirmatory that the record was complete at the hearing before the ALJ.[28] The Tenth Circuit has provided that in cases "where the claimant was represented by counsel at the hearing before the ALJ, 'the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored,' and the ALJ 'may ordinarily require counsel to identify the issue or issues requiring further development.'"[29] Generally, a court should "not ordinarily reverse or remand for failure to

---

[24] Tr. 28.

[25] Tr. 28.

[26] Tr. 29.

[27] *Howard*, 379 F.3d at 949.

[28] The ALJ and Counsel for Mr. Uckerman had the following exchange: "ALJ: Are you aware of any evidence related to your client, the claimant, that has not been identified as an exhibit? ATTY: I do not." Tr. 40. *See also*, Tr. 59 (ALJ closing the record and the attorney not objecting).

[29] *Branum v. Barnhart,* 385 F.3d 1268, 1271 (10th Cir. 2004) (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir.1997)).

develop the record when a claimant is represented by counsel who affirmatively submits to the ALJ that the record is complete."[30] The court declines Plaintiff's invitation to remand this case for "an immediate award of benefits."[31]

Finally, Mr. Uckerman argues the ALJ should have re-contacted the consultative examiners for a clarified opinion of Plaintiff's physical limitations because the "opinion was vague and absent of specific work-related limitations."[32] This failure was allegedly repeated when the ALJ did not seek a clarified opinion from the treating therapist Erik Enriquez.

An ALJ is only required to further develop the record if the ALJ is unable to make a disability determination on the evidence currently in the record. As set forth in 20 C.F.R. § 404.1520b, if the evidence is insufficient or inconsistent, the ALJ will consider the relevant evidence found in the record "and see if [he] can determine whether [the claimant is] disabled based on the evidence" before the ALJ.[33] The ALJ need only take action to supplement the record in two circumstances: "(1) if the evidence is consistent, but he has "insufficient evidence" to determine whether the claimant is disabled; or (2) if, after considering the evidence, he determines that he cannot resolve inconsistencies in the evidence to reach a conclusion about whether the claimant is disabled."[34] There is nothing in the relevant regulations that provides when an ALJ finds a particular opinion "vague" or if it lacks specific work-related limitations, that the ALJ must then recontact that source before proceeding.

---

[30] *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008).

[31] Reply p. 6, ECF No. 21.

[32] Pl. Br. p. 8.

[33] 20 C.F.R. § 404.1520b(b)(1).

[34] *Vaudis H. v. Kijakazi*, No. 2:21-CV-00199-CMR, 2022 WL 3716930, at *3 (D. Utah Aug. 29, 2022) (citing 20 C.F. R. § 404.1520b(b)(2)).

Here, the ALJ was able to make a disability determination based on the evidence before him. There is nothing in the record indicating that the Social Security Agency requested an opinion regarding specific functional limitations. Thus, there was no duty under the regulations or on behalf of the Agency to recontact the consultative examiners. In similar fashion, it was unnecessary under the regulations to seek a medical opinion from therapist Erik Enriquez. The ALJ noted Mr. Enriquez is not an acceptable medical source under the regulations. An ALJ "must recontact the claimant's medical sources for additional information when the record evidence is inadequate to determine whether the claimant is disabled."[35] However, this was not the case here, and the court rejects Plaintiff's arguments requiring any such need.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and legally sound. It is therefore AFFIRMED, and Plaintiff's Motion for Review of Agency Decision is DENIED.[36] Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*.[37]

DATED this 3 September 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[35] *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008).

[36] ECF No. 15.

[37] 509 U.S. 292, 296-304 (1993).